**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | |
|---|---|
| JAMES JONES, § | |
| Plaintiff § | |
| § | CIVIL ACTION NO. |
| vs. § | |
| § | Jury Trial Demanded |
| LOCKHART, MORRIS & § | |
| MONTGOMERY, INC. AND § | |
| JOHN D. HICKMAN, § | |
| Defendants § | |

**ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**NATURE OF ACTION**

1. This is an action for damages brought by an individual plaintiff for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA"), the Texas Debt Collection Practices Act, Chapter 392 (hereinafter "TDCPA"), the Texas Business and Commerce Code, Subchapter E, Chapter 17, (hereinafter "DTPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Plaintiff seeks to recover monetary damages for Defendants' violation of the FDCPA, the TDCPA, DTPA, and TCPA and to have an Order or injunction issued by this Court preventing Defendants from continuing its violative behaviors.

3. Service may be made upon Defendants in any other district in which it may be found pursuant to 29 U.S.C. §1132(e)(2).

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1337.

5. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendants transact business in this district.

## PARTIES

6. Plaintiff, James Jones ("Plaintiff"), is a natural person residing in Orange County.

7. Plaintiff is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3) and the Texas Business and Commerce Code section §17.50(a)(1) and Texas Finance Code §392.001(1).

8. Defendant, Lockhart, Morris & Montgomery, Inc. ("LM&M") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) and by Tex. Fin. Code Ann. § 392.001(6).

9. Defendant, John D. Hickman ("Hickman") is an individual who at all

relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

10. Upon information and belief:

a. Hickman was regularly engaged, directly and indirectly in the collection of Plaintiff's debt.

b. Hickman was personally involved in the collection of Plaintiff's debt.

c. Hickman was materially involved in the collection of Plaintiff's debt.

d. Hickman materially participated in LM&M's debt collection activities.

e. Hickman was involved in the day-to-day operations of LM&M's debt collection business.

f. Hickman exercised control over the affairs of LM&M's debt collection business.

11. "Employees can be held personally liable under the FDCPA." *Robinson v. Managed Accounts Receivable Corp.*, 654 F. Supp. 2d 1051, 1059 (C.D. Cal. 2009); see *Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1070-71 (E.D. Cal. 2008).

12. Furthermore, "most district courts that have addressed the issue have held that the corporate structure does not insulate shareholders, officers, or directors from personal liability under the FDCPA." *Schwarm v. Craighead*, 552

F. Supp. 2d 1056, 1070-71 (E.D. Cal. 2008); *see Kistner v. Law Offices of Michael P. Margelefsky, L.L.C.*, 518 F.3d 433, 437-38 (6th Cir. 2008); *del Campo v. Kennedy*, 491 F. Supp. 2d 891, 903 (N.D.Cal.2006); *Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F.Supp.2d 615, 618-21 (D. Utah 2005); *Albanese v. Portnoff Law Assocs., Ltd.*, 301 F. Supp. 2d 389, 400 (E.D. Pa. 2004); *Musso v. Seiders*, 194 F.R.D. 43, 46-47 (D.Conn.1999); *Brink v. First Credit Res.*, 57 F. Supp. 2d 848, 861-62 (D. Ariz. 1999); *Pikes v. Riddle*, 38 F. Supp. 2d 639, 640 (N.D. Ill. 1998); *Ditty v. CheckRite, Ltd.*, 973 F. Supp. 1320, 1337-38 (D. Utah 1997); *Newman v. Checkrite Cal., Inc.*, 912 F. Supp. 1354, 1372 (E.D. Cal.1995); *Teng v. Metro. Retail Recovery Inc.*, 851 F. Supp. 61, 67 (E.D. N.Y. 1994).

13. Lockhart, Morris & Montgomery, Inc. and John D. Hickman ("Defendants") are "debt collectors" as defined by 15 U.S.C. § 1692a(6) and by Tex. Fin. Code Ann. § 392.001(2).

## FACTUAL ALLEGATIONS

14. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendants.

15. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants, arise from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes and Plaintiff

incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants.

16.     Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

17.     Within one (1) year preceding the date of this Complaint, Defendants made and/or placed a telephone call to Plaintiff's cellular telephone number, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants.

18.     Within one (1) year preceding the date of this Complaint, Defendants willfully and knowingly utilized an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants.

19.     In connection with the collection of an alleged debt, Defendants, via their agent and/or employee "John Hughes," contacted Plaintiff via cellular telephone on March 18, 2011 at 9:17 A.M., and at such time, left a voicemail message in which Defendants failed to disclose its true corporate or business name and further failed to notify Plaintiff that the communication was from a debt

collector. (15 U.S.C. §§ 1692d(6), 1692e(11), Tex Fin Code §§ 392.304(a)(4), 392.304(a)(5)(B)).

20. In connection with the collection of an alleged debt, Defendants, via their agent and/or employee "John Hughes," contacted Plaintiff via cellular telephone on March 22, 2011 at 9:56 A.M., and at such time, left a voicemail message in which Defendants failed failed to notify Plaintiff that the communication was from a debt collector. (15 U.S.C. § 1692e(11), Tex Fin Code § 392.304(a)(5)(B)).

21. Defendants placed no fewer than two (2) non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system, including, but not limited to, calls place on March 18, 2011 at 9:17 A.M. and March 22, 2011 at 9:56 A.M. (47 U.S.C. 227(b)(1)(A)(iii)).

22. Defendants' actions constitute conduct highly offensive to a reasonable person, and as a result of Defendants' above violations of the FDCPA, Defendants are liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I—FDCPA
## DEFENDANT LM&M

23. Plaintiff repeats and re-alleges each and every allegation contained above.

24. Defendant's aforementioned conduct violated the FDCPA.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated the FDCPA;

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

   d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT II—FDCPA
### DEFENDANT HICKMAN

25. Plaintiff repeats and re-alleges each and every allegation contained above.

26. Defendant's aforementioned conduct violated the FDCPA.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   g) Adjudging that Defendant violated the FDCPA;

   h) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

i) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

j) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

k) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

l) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III—TDCPA
## DEFENDANT LM&M

27. Plaintiff repeats and re-alleges each and every allegation above.

28. Defendant violated the Texas Debt Collection Practices Act in one or more of the following ways:

   a. Failing to disclose clearly in any communication with Plaintiff the name of the person to whom the debt has been assigned or is owed when making a demand for money. (Tex Fin Code § 392.304(a)(4));

   b. Failing to disclose that the communication is from a debt collector, where such communication was an oral communication between Defendant and Plaintiff subsequent to the initial communication. (Tex Fin Code § 392.304(a)(5)(B));

   c. Using false representations or deceptive means to collect a debt or obtain information concerning a consumer, including (Tex Fin Code §

392.304(a)(19)).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the TDCPA;

b) Awarding Plaintiff statutory damages pursuant to the TDCPA;

c) Awarding Plaintiff actual damages pursuant to the TDCPA;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV—TCPA
## DEFENDANT LM&M

29. Plaintiff repeats and re-alleges each and every allegation above.

30. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly utilizing an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

    c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

    d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

    e) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

    f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

## COUNT V—DTPA
## DEFENDANT LM&M

31. Plaintiff repeats and re-alleges each and every allegation by reference herein all prior paragraphs above.

32. A violation of the Texas Debt Collection Practices Act is a is a deceptive trade practice under the Texas Deceptive Trade Practices Act, and is actionable under the Texas Deceptive Trade Practices Act. Tex. Fin. Code. Ann. § 392.404(a)

33. Defendant violated Tex. Bus. Com. Code § 17.50(h).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated the Texas Deceptive Trade Practices Act, Tex. Bus. Com. Code, Chapter 17, Subchapter E.

    b) Awarding Plaintiff actual damages, pursuant to Tex. Bus. Com. Code

  § 17.50(h);

c) Awarding Plaintiff three times actual damages, pursuant to Tex. Bus. Com. Code § 17.50(h).

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

34. Plaintiff is entitled to and hereby demands a trial by jury.

            Respectfully submitted,

            By: /s/ Dennis R. Kurz
            Dennis R. Kurz
            Texas State Bar # 24068183
            Attorney in Charge for Plaintiff

WEISBERG & MEYERS, L.L.C.
Two Allen Center
1200 Smith Street
16th Floor
Houston, TX 77002
(888) 595-9111 ext. 412
(866) 565-1327 (fax)

## **CERTIFICATE OF SERVICE**

I certify that on August 10, 2011, I electronically filed the foregoing document with the clerk of the U.S. District Court, Eastern District of Texas, Beaumont Division, using the electronic case filing system of the court.

    /s/ Dennis R. Kurz
    Dennis R. Kurz